# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PATRICK ELDON HAAS, | ) |
| | ) |
| Plaintiff/Creditor/Appellant, | ) |
| | ) |
| v. | ) CASE NO. 3:19-cv-97-ALB |
| | ) |
| DEBORAH KAY FANCHER, | ) |
| | ) |
| Defendant/Debtor/Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court on appeal from the Bankruptcy Court's Rule 7058 Judgment holding that Deborah Fancher's ("Debtor") $200,577.69 debt to Patrick Haas ("Creditor") is dischargeable in Debtor's Chapter 7 bankruptcy.

Creditor argues that the Bankruptcy Court should be reversed for four reasons. First, Creditor argues that the Bankruptcy Court abused its discretion in reconsidering a previous order that had deemed Creditor's requests for admission to be admitted. Second, Creditor argues that the Bankruptcy Court abused its discretion when it declined to strike Debtor's opposition to Creditor's motion for summary judgment for failing to cite to the record. Third, based on these arguments about the admissions and opposition filing, Creditor argues that the Bankruptcy Court should have entered summary judgment in his favor. Finally, Creditor argues that the Bankruptcy Court erred in determining that he had not met his burden to establish

the non-dischargeability of the debt at trial. The Court concludes that none of these arguments have merit.

## Background

The following facts are taken from the Bankruptcy Court's Findings. *See* Doc. 6-34.

Debtor and Creditor were in a romantic relationship from 2000 to 2010 and lived together in the Debtor's house in Oregon. On Christmas Day, 2010, their relationship ended poorly after a heated argument that turned physical. Creditor left the house with as much of his stuff as he could fit in a suitcase. Debtor obtained a restraining order by December 28.

About two months after the fight, Creditor and Debtor appeared for a hearing on the restraining order. The court modified the order to allow Creditor to visit the house that he and Debtor had once shared so that he could retrieve more personal items, including his toolbox and tools. Creditor was a heavy equipment mechanic, his tools were expensive, and they were a key part of practicing his trade.

About a month after the court modified the restraining order, Creditor went to the house with a police officer to collect his things. Because Debtor was not there, they left and came back the next day. When they returned, they were met by Debtor's son-in-law who gave Creditor a small box of his belongings, but no tools. Creditor looked inside the garage where he believed he left his tools, but they were

2

not there. When Creditor attempted to look for his tools further, a fight broke out with the son-in-law, and the police officer canceled the visit.

In 2012, Creditor sued Debtor in state court for taking his tools. Debtor did not defend the suit, and Creditor obtained a default judgment in 2014 in the amount of $200,577.69 plus nine percent interest.

In 2017, Debtor filed for Chapter 7 bankruptcy because of this judgment. Creditor filed an adversary proceeding in the bankruptcy, arguing that the debt is not dischargeable under 11 U.S.C. § 523(a)(6). *See* Doc. 6-2. That section states that a debt is not dischargeable in bankruptcy if the debt is for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

For purposes of this appeal, three important things happened in the litigation.

First, Creditor served requests for admission on Debtor to which Debtor did not respond within 30 days as required under Rule 36(a) of the Rules of Federal Procedure. When Debtor did not respond, Creditor quickly moved the Bankruptcy Court for an order declaring the requests to be admitted by operation of law (Doc. 6-8), which the Court granted (Doc. 6-10).

Second, after Creditor filed for summary judgment based largely on the admissions, *see* Docs. 6-12 & 6-13, Debtor did not respond substantively to the motion. Instead, Debtor asked the Bankruptcy Court to reconsider its ruling on the

3

requests for admission. Debtor explained that Creditor had filed his request for the admissions to be deemed admitted shortly before Debtor's deposition and, at that deposition, Debtor had (1) provided discovery responses and (2) denied the requests for admission under oath as part of her sworn testimony. *See* Doc. 6-14. The Bankruptcy Court granted the motion to reconsider (Doc. 6-16) and gave Debtor more time to respond to the motion for summary judgment. Creditor moved to strike Debtor's opposition for failing to support her statements with citations to record evidence. The Bankruptcy Court denied the motion to strike and denied summary judgment. (Doc. 6-21).

Third, the Bankruptcy Court held a bench trial. (Doc. 6-33). Creditor explained the importance of his tools, testified that they were last stored at Debtor's house, and introduced two emails—one ostensibly from Debtor and another ostensibly from her daughter—in which Debtor and her daughter threatened to sell his tools. Debtor testified that she did not sell Creditor's tools, did not send the email at issue, and did not appear to defend the state court lawsuit because it was not mailed to her correct address. Creditor's father also testified about the importance of the tools and their whereabouts.

After the trial, the Bankruptcy Court concluded that the debt was dischargeable. The Bankruptcy Court found Creditor's testimony to be credible, but expressly found the emails not credible. *See* Doc. 6-34 at 12. Ultimately, the

4

Bankruptcy Court concluded that there was insufficient evidence to conclude that Debtor had acted willfully and maliciously to sell or otherwise dispose of Creditor's tools. "The [Creditor] has shown no deliberate or intentional injury by the [Debtor] and he has offered no convincing proof that the [Debtor] disposed of in any way the [Creditor's] tools." (Doc. 6-34 at 14).

This appeal followed.

## Jurisdiction

The Court has jurisdiction over this appeal under 28 U.S.C. § 158.

## Standards of Review

Three standards of review govern this appeal. First, the Bankruptcy Court's orders denying preclusive effect to the requests for admission and denying Creditor's motion to strike are reviewed for abuse of discretion. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004). *See also Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (a trial court "retains the inherent authority to manage its own docket"). Second, the Bankruptcy Court's findings of fact, including its credibility determinations, are reviewed for clear error. *In re Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003). Third, to the extent the Bankruptcy Court is alleged to have made errors of law at either the summary judgment stage or in its conclusions after trial, those issues are reviewed *de novo*. *In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328–29 (11th Cir. 2002). The Bankruptcy Court's ultimate decision

on dischargeability is a mixed question of law and fact that is also reviewed *de novo*. *See, e.g., In re Schaffer*, 515 F.3d 424, 427 (5th Cir. 2008); *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002).

**Discussion**

Creditor's arguments on appeal are meritless. The Bankruptcy Court did not abuse its discretion, adopt clearly erroneous facts, or commit an error of law. Creditor simply did not prove that Debtor stole or sold his tools. The Bankruptcy Court's judgment is due to be affirmed.

As to the issues surrounding the requests for admission and summary judgment briefing, Creditor cannot establish that the Bankruptcy Court abused its discretion. Rule 36(b) of the Federal Rules of Civil Procedure expressly contemplates that "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). A trial court abuses its discretion under Rule 36(b) "when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002). Here, Debtor never made an admission; she simply failed to timely respond to Creditor's requests. And Creditor could not have reasonably relied on the admissions because Debtor denied these

requests for admission under oath at her deposition. Moreover, had the requests been deemed admitted, Debtor would not have been able to defend herself at all as the requests asked her to effectively admit that the debt at issue was not dischargeable. The Bankruptcy Court did not misapply the two-part test nor did it apply some other test.

The same is true of the Bankruptcy Court's decision not to strike Debtor's opposition to summary judgment. At the trial level, motions to strike are properly filed in reference to pleadings, not briefs. *See* Fed. R. Civ. P. 12(f). Here, the Bankruptcy Court allowed Creditor to file a reply to Debtor's opposition to summary judgment, in which Creditor could make the same points about the supposed lack of evidence that Creditor made in its motion to strike. *See* Doc. 6-22.[1] The Bankruptcy Court did not commit reversible error in declining to strike the opposition brief.

To the extent Creditor argues that his summary judgment motion should have been granted, he cannot raise that issue on appeal. *See, e.g., Ortiz v. Jordan*, 562 U.S. 180, 183-84 (2011) ("May a party ... appeal an order denying summary judgment after a full trial on the merits? Our answer is no.... Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion."); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1325 n.5

---

[1] This Court denies Creditor's motion (Doc. 17) to strike Debtor's brief on appeal for the same reason. Creditor has made his points in the motion to strike and his reply brief. There is no reason to strike Debtor's brief and give her leave to refile.

(11th Cir.2007) ("Denials of summary judgment ordinarily are not appealable ... after trial."); *Lind v. UPS, Inc.*, 254 F.3d 1281, 1284 (11th Cir. 2001) ("[T]he denial of a motion for summary judgment is not reviewable after a trial on the merits has occurred.").

Finally, Creditor's challenge to the Bankruptcy Court's final judgment is no better. The burden is on the creditor seeking the exception to discharge to prove non-dischargeability by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287–88 (1991). The Eleventh Circuit has recognized that "courts generally construe the statutory exceptions to discharge in bankruptcy liberally in favor of the debtor, and recognize that the reasons for denying a discharge must be real and substantial, not merely technical and conjectural." *In re Miller*, 39 F.3d 301, 304 (11th Cir. 1994) (reversing district court that had reversed bankruptcy court's determination that debt was dischargeable) (alternation, citations, and quotations omitted). "[E]vidence presented must be viewed consistent with congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code." *Caspers v. Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987) (cited in *Miller*).

Creditor had the burden at trial to establish that Debtor owed him a debt based on "*willful and malicious injury* by the debtor to [Creditor] or [his] property." 11 U.S.C. § 523(a)(6) (emphasis added). The Bankruptcy Court neither erred as a legal

8

matter nor as a factual matter in finding that Creditor failed to meet his burden of proof. There was credible evidence that Creditor's tools were in the shared house at one point. But there was an almost complete lack of evidence about what happened to the tools after Creditor and Debtor had their Christmas Day fight. The tools could have been lost. They could have been stolen. Debtor's family may have sold them. The Bankruptcy Court declined to draw the inference from this lack of evidence that Debtor stole or sold the tools in such a way as to inflict a "willful and malicious injury." That decision was not clearly erroneous.

## Conclusion

Creditor's Motion to Strike Appellee's Brief (Doc. 17) is **DENIED**. The Bankruptcy Court's judgment is **AFFIRMED**.

A separate judgment will be entered.

**DONE** and **ORDERED** this 24th day of July 2019.

/s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE